# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNIE GARZA,<br><br>    Plaintiff,<br><br>  v.<br><br>RAYTHEL FISHER, JR. Warden, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-00234-AWI-SKO<br><br>**ORDER FOR SUPPLEMENTAL INFORMATION RE PARTIES' STIPULATED REQUEST FOR THE ISSUANCE OF AN ORDER COMPELLING CDCR TO PRODUCE CERTAIN INMATE RECORDS** |

## I.  INTRODUCTION

Plaintiff, a state prisoner proceeding with the assistance of counsel, brings this suit pursuant to 42 U.S.C. § 1983 for alleged constitutional violations arising out of events taking place at Valley State Prison. (Doc. 1.) Plaintiff alleges that Defendants negligently assigned inmate Jeremy Tourdot ("Tourdot") to Plaintiff's housing unit, where Plaintiff and Tourdot shared a bunk. In January 2014, Plaintiff alleges Tourdot attacked him without justification and bit off a portion of his nose.

On September 9, 2015, Plaintiff filed a stipulated request that California Department of Corrections and Rehabilitation ("CDCR") produce all documents related to Tourdot.  For the reasons set forth below, Plaintiff shall file a supplemental statement in support of the parties' stipulated request.

## II.  DISCUSSION

The parties have agreed that CDCR produce the following:

> All records in the custody or control of the California Department of Corrections and Rehabilitation concerning Jeremy James Tourdot, former CDCR numbers AR-1333 and V-42240, or similar identifying references including Tourdot's entire Central File, medical records, including mental health records, and all CDCR records relating to Tourdot not found in the foregoing files, including records related to housing assignments.

(Doc. 15-2, Exhibit 2.)

Plaintiff states that Mr. Tourdot was charged with a crime arising out of the incident in this litigation and is currently in the custody of the state for commitment proceedings based on his mental health.  Plaintiff indicates that, "to avoid a subpoena and motion to quash," the parties met and conferred and have stipulated to the production of the documents requested under conditions that promote confidentiality without denying Plaintiff discovery."  (Doc. 15, p. 2.)

The right to medical privacy is clearly established.  *Nelson v. Nat'l Aeronautics & Space Admin.*, 530 F.3d 865, 877 (9th Cir. 2008), *rev'd on other grounds*, 562 U.S. 134 (2011) ("We have repeatedly acknowledged that the Constitution protects an individual interest in avoiding disclosure of personal matters.  This interest covers a wide range of personal matters, including . . . medical information . . . .  ").  It is also clearly established that "a prison inmate retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  *Turner v. Safley*, 482 U.S. 78, 95 (1987).

Here, Tourdot is not a defendant in this action; Defendants' stipulation, therefore, does not include Tourdot's agreement that his entire C-file and medical file be released to Plaintiff.  The request for an order requiring CDCR to produce this information is not sufficiently specific as to where Tourdot is currently located awaiting commitment proceedings and whether he can be notified of the request for his records.  Although it appears Tourdot may be committed based on

1 unspecified mental health issues, it is not established that he is unable to understand and
2 appreciate the nature of the records requested by Plaintiff. In other words, it is not clear that he
3 should not be given an opportunity to object to the release of all his CDCR medical records to
4 Plaintiff. Further, there is insufficient information regarding why such a broad request for
5 documents is necessary and relevant to the prosecution of Plaintiff's claims. Although the parties
6 have agreed to maintain the confidentiality of the documents released to Plaintiff, this is not a
7 substitute for notice of the request and an opportunity for Tourdot to object, if he is able to do so.

### III.   CONCLUSION AND ORDER

Without further information regarding Tourdot's location, whether he can be served with notice of the subpoena, and all the bases supporting the record request for all records regarding Tourdot, the Court is unable to grant the parties' stipulated request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff supplement the stipulated request within 14 days from the date of this order as specified above; and
2. If Plaintiff fails to supplement the parties' stipulated request, it will be denied.

IT IS SO ORDERED.

Dated:   **September 23, 2015**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE

3