# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNIE GARZA,<br><br>   Plaintiff,<br><br>   v.<br><br>RAYTHEL FISHER, JR. Warden, et al.,<br><br>   Defendants.<br>_____ / | Case No.  1:15-cv-00234-AWI-SKO<br><br>**ORDER GRANTING STIPULATED REQUEST FOR RELEASE OF THIRD-PARTY RECORDS** |

## I.   INTRODUCTION

Plaintiff, a state prisoner proceeding with the assistance of counsel, brings this suit pursuant to 42 U.S.C. § 1983 for alleged constitutional violations arising out of events taking place at Valley State Prison.  (Doc. 1.)  Plaintiff alleges that Defendants negligently assigned inmate Jeremy Tourdot ("Tourdot") to Plaintiff's housing unit, where Plaintiff and Tourdot shared a bunk.  In January 2014, Plaintiff alleges Tourdot attacked him without justification and bit off a portion of his nose.

On September 9, 2015, Plaintiff filed a stipulated request that California Department of Corrections and Rehabilitation ("CDCR") produce all documents related to Tourdot. On September 30, 2015, Plaintiff filed a supplemental declaration of his counsel indicating he had located Tourdot who was incarcerated at Madera County Detention Center, and served Tourdot with a copy of a stipulation between Plaintiff and Defendants for the release of Tourdot's records pursuant to a subpoena. Tourdot was advised that he could object to the subpoena. No objections have been filed by Tourdot. For the reasons set forth below, the parties' stipulation for release of records pursuant to a stipulation is GRANTED.

## II.  DISCUSSION

The parties have agreed that CDCR produce the following:

> All records in the custody or control of the California Department of Corrections and Rehabilitation concerning Jeremy James Tourdot, former CDCR numbers AR-1333 and V-42240, or similar identifying references including Tourdot's entire Central File, medical records, including mental health records, and all CDCR records relating to Tourdot not found in the foregoing files, including records related to housing assignments.

(Doc. 15-2, Exhibit 2.)

Plaintiff states that Tourdot was charged with a crime arising out of the incident in this litigation and is currently in the custody of the state for commitment proceedings based on his mental health. Plaintiff indicates that, "to avoid a subpoena and motion to quash," the parties met and conferred and have stipulated to the production of the documents requested under conditions that promote confidentiality without denying Plaintiff discovery." (Doc. 15, p. 2.)

The right to medical privacy is clearly established. *Nelson v. Nat'l Aeronautics & Space Admin.*, 530 F.3d 865, 877 (9th Cir. 2008), *rev'd on other grounds*, 562 U.S. 134 (2011) ("We have repeatedly acknowledged that the Constitution protects an individual interest in avoiding disclosure of personal matters. This interest covers a wide range of personal matters, including . . . medical information . . . ."). It is also clearly established that "a prison inmate retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Turner v. Safley*, 482 U.S. 78, 95 (1987).

Tourdot has been served with a copy of the subpoena for his C-file and medical records and has been provided an opportunity to object to the production of these documents by CDCR. Although the subpoena requests Tourdot's entire C-file and medical records, as Plaintiff indicates in his supplemental filing, Plaintiff does not know which portions of Tourdot's file was overlooked by Defendants or what records may demonstrate that Defendants failed to house Tourdot according to CDCR policy, thus Plaintiff is seeking all Tourdot's files. As the parties have stipulated to a confidentiality agreement regarding Tourdot's records and because there is no objection by Tourdot to the production, the parties' stipulation to produce Tourdot's C-file and medical records is warranted.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' stipulation for the release of Tourdot's C-file and medical records pursuant to the subpoena issued by Plaintiff's counsel is GRANTED pursuant to the parties' agreement of confidentiality.

IT IS SO ORDERED.

Dated:   **October 20, 2015**                             **/s/ Sheila K. Oberto**
                                                                              UNITED STATES MAGISTRATE JUDGE