# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNIE GARZA, | Case No. 1:15-cv-00234-DAD-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND** |
| v. | (Doc. No. 25) |
| RAYTHEL FISHER, JR., Warden, DOE CHIEF MEDICAL EXECUTIVE, DOE MENTAL HEALTH CLINICIAN, DOE INMATE CLASSIFICATION EMPLOYEE, DOE CORRECTIONAL SEARGEANT, DOE CORRECTIONAL OFFICER, and DOES 6 through 50, inclusive, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff, a state prisoner proceeding with the assistance of counsel, brings this suit pursuant to 42 U.S.C. § 1983 for alleged constitutional violations arising out of events taking place at Valley State Prison. (Doc. 1.) During the course of discovery, Plaintiff ascertained the names of the correctional officers and medical personnel who Plaintiff alleges were involved in the underlying incident. On November 23, 2015, Plaintiff filed a motion to amend the complaint to add these individuals as Defendants and dismiss existing Defendant Warden Raythel Fisher, Jr. For the reason set forth below, Plaintiff's motion to amend is GRANTED.

## II. BACKGROUND

Plaintiff, a prisoner at Valley State Prison, alleges he was housed with an inmate, Tourdot, who was known by Defendants to be unpredictable, violent, and a threat to the safety of inmates and staff. Despite this knowledge, Plaintiff alleges Defendants negligently assigned Tourdot to Plaintiff's housing unit and shared a bunk with Plaintiff. (Doc. 1, ¶¶ 27-28.) On January 2, 2014, Tourdot attacked Plaintiff without provocation and bit Plaintiff's nose, which forced the removal of a large part of Plaintiff's nose and caused serious disfigurement. (Doc. 1, ¶¶ 28-29.)

California Department of Corrections and Rehabilitation's ("CDCR") medical staff treated Plaintiff for the wound, but when Plaintiff requested reconstructive surgery, his request was denied as unnecessary. (Doc. 1, ¶ 31.) Plaintiff alleges DOE Defendant Chief Medical Executive ("CME") made the decision to deny surgery. When Plaintiff hired an attorney, the DOE CME reversed the decision to deny surgery and arranged for Plaintiff to undergo reconstructive surgery. (Doc. 1, ¶ 33.) The facial reconstructive process required more than one surgery, but the DOE CME initially refused to allow a follow-up surgery; after "further pressure was applied," the CME agreed to allow the surgery. (Doc. 1, ¶ 33.) Nonetheless, the initial refusal for the follow-up surgery resulted in numerous delays amounting to nine months. Plaintiff contends the initial denials and delays caused him to suffer needlessly both physically and emotionally. (Doc. 1, ¶ 33.)

On February 10, 2015, Plaintiff filed suit against Defendant Raythel Fisher, Jr., the Warden at Valley State Prison, and several DOE Defendants. Plaintiff's first cause of action sets forth claims pursuant to 42 U.S.C. §1983 for violation of Plaintiff's Eighth and Fourteenth Amendment rights due to Defendants' deliberate indifference to Plaintiff's personal health and safety in housing him with Tourdot, and due to Defendants initially refusing and delaying his reconstructive facial surgeries. (Doc. 1, ¶ 54.) Plaintiff's second cause of action is against all Defendants for general negligence for Defendants' failure to use reasonable care in assigning Tourdot to be housed with Plaintiff. Plaintiff's third cause of action is for medical negligence against the DOE CME for failure to provide the reasonable and necessary treatment that Plaintiff

required by refusing to provide reconstructive surgery in a timely manner and by subsequently refusing to consent to the required follow-up treatment for many months.  (Doc. 1, ¶¶ 71-81.)

During discovery, Plaintiff obtained the identities of several of the DOE Defendants named in the original complaint; on November 23, 2015, Plaintiff sought to amend the complaint to identify the DOE Defendants.  (Doc. 25.)  No opposition to Plaintiff's motion to amend was filed.

### III.  DISCUSSION

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(1)-(2).  The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a).  *Id.*  Further, undue delay alone is insufficient to justify denial of a motion to amend.  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Finally, "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). *Contra Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

Plaintiff seeks to amend the complaint to add Defendants recently identified in discovery: J. Alvara, Correctional Lieutenant; D. Roberts, Captain; E. Alva, Correctional Counselor; S. Torres, Correctional Counselor, N. Barksdale, MSW, ACSW, P. Virk, M.D., Chief Medical Executive; N. Malakkla, M.D., Chief Physician and Surgeon, W. Zhang, M.D., K. Toor, M.D., and Ricki Barnett, M.D., Director for Utilization Management.

Plaintiff's proposed First Amended Complaint ("FAC") alleges a Section 1983 claim against Defendants J. Alvara, D. Roberts, E. Alva, S. Torres, and N. Barksdale (the "Custodial Defendants") for assigning Tourdot to housing with Plaintiff because the Custodial Defendants knew of and disregarded the safety risk Tourdot posed. (Doc. 25-2.) Plaintiff also alleges Section 1983 claims against P. Virk, M.D., N. Malakkla, M.D., W. Zhang, M.D., K. Toor, M.D., and Ricki Barnett, M.D., as the health care providers who failed to provide reasonable and necessary reconstructive surgery that would preserve Plaintiff's nasal passages.

The proposed FAC also sets forth a general negligence claim against the Custodial Defendants for failure to properly screen Tourdot from a housing assignment with Plaintiff. Finally, Plaintiff alleges a medical negligence claim against Defendants Virk, Malakkla, Zhang, Toor, and Barnett for failure to use reasonable care in providing medical care following Plaintiff's injuries.

The Defendants Plaintiff seeks to name were identified as DOE Defendants in the original complaint, and thus the notice provisions of Federal Rule of Civil Procedure 15(c) appear to be satisfied. The allegations and the claims contained in the proposed FAC are the same as those in the original complaint, except that the DOE Defendants have been identified and their conduct has been more specifically alleged. As Plaintiff maintains, the factual allegations in the proposed FAC do not change or add to the allegations except as to what is necessary to account for each newly identified Defendant's role in the case.

Plaintiff's motion is timely; under the existing schedule, discovery does not close until April 2016. (Doc. 24.) The Court perceives no undue delay[1] or bad faith on the part of Plaintiff in seeking amendment, and on the face of the proposed First Amended Complaint, none of the claims appear futile.

---

[1] The time necessary for service of the FAC and for Defendants to respond to the FAC may require a schedule modification, but it is premature to address that matter now.

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is GRANTED, and the hearing set for December 23, 2015, is VACATED;
2. Plaintiff may file an amended complaint that comports to the proposed First Amended Complaint attached as an exhibit to his motion within three (3) days from the date of this order;
3. The Clerk is DIRECTED to issue 10 USM-285 forms to Plaintiff; and
4. By no later than January 6, 2015, Plaintiff is ordered to submit completed USM-285 forms and summonses, and upon receipt of these forms, the U.S. Marshal's Office will be directed to serve Defendants.

IT IS SO ORDERED.

Dated:   **December 28, 2015**                              **/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE