# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNIE GARZA,<br><br>        Plaintiff,<br><br>    v.<br><br>J. ALVARA, Lieutenant; D. ROBERTS, Captain; E. ALVA, Correctional Counselor; S. TORRES, Correctional Counselor; N. BARKSDALE, MSW, ACSW; P. VIRK, M.D., CMO; N. MALAKKLA, M.D.; W. ZHANG, M.D.; K. TOOR, M.D.; RICKI BARNETT, M.D.; and DOES 10 through 50, inclusive,<br><br>        Defendants.<br>_____/ | Case No. 1:15-cv-00234-DAD-SKO<br><br>**ORDER THAT THE PARTIES FILE SUPPLEMENTAL BRIEFS**<br><br>**ORDER VACATING THE HEARING SET FOR JUNE 22, 2016** |

## I.     INTRODUCTION

Plaintiff Fernie Garza, a state prisoner represented by counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 10, 2015. This action is proceeding on Plaintiff's first amended complaint against Defendants Lieutenant J. Alavara, Captain D. Roberts, Correctional Counselor E. Alva, Correctional Counselor S. Torres, Social Worker N. Barksdale, Chief Medical Officer P. Virk, M.D., N. Malakkla, M.D., W. Zhang, M.D., K. Toor, M.D., and Ricki Barnett, M.D., at California Correctional Institution ("CCI"), for violation of the Eighth and Fourteenth Amendments. (Doc. 31 (Amended Complaint).)

On May 5, 2016, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 47.) Plaintiff filed his opposition on June 1, 2016, and Defendants filed their reply on June 8, 2016. (Docs. 52; 53-54.)

Having reviewed Plaintiff's motion and supporting material, supplemental briefing is required on the issue of Plaintiff's compliance with the claim presentation requirements of the California Tort Claims Act.

## II.  BACKGROUND

Plaintiff was celled with and attacked by Inmate Tourdot on January 2, 2014. On January 24, 2014, Plaintiff overheard medical staff "asking why an inmate with Tourdot's history of mental illness had been placed in a position to attack [Plaintiff]."

Plaintiff filed his claim with the Victim Compensation and Government Claims Board (the "Board") on July 11, 2014, more than six months after the date of the attack. The Board "denied [Plaintiff's] application to present a late claim and rejected the claim itself" on the merits on October 24, 2014. On February 10, 2015, Plaintiff filed his Complaint with an attached Petition for Relief seeking an order relieving him from the claim presentment requirement of the California Tort Claims Act (the "Act"). Cal. Gov't Code §§ 945.4, 946.6(a). (*See* Doc. 1-2.) Defendants seek dismissal of Plaintiff's state law claims with prejudice for failure to comply with the claim presentment requirement of the Act. (*See* Doc. 47.)

## III.  DISCUSSION

Under the Act, plaintiffs "must timely file a claim for money or damages with the public entity" before filing a suit like the instant action. *State v. Super. Ct. (Bodde)*, 32 Cal. 4th 1234, 1237 (2004) (citing Cal. Gov't Code § 911.2). "Claims for personal injury and property damage must be presented within six months after accrual." *City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 738 (2007) (citing Cal. Gov't Code § 911.2). Generally speaking, a claim accrues at "the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.'" *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999) (citation omitted). In other words, the statute of limitations begins to run "when the cause of action is complete with all of its elements." *Id.* (citation omitted).

Here, Plaintiff was attacked by Inmate Tourdot on January 2, 2014, and did not file a claim with the Board until July 11, 2014, more than six months after the "wrongful act" occurred. Therefore, Plaintiff did not timely present his claims within six months of accrual as required by

the Act.  *See* Cal. Gov't Code §§ 911.2, 945.4.  In such circumstances, "a written application may be made to the public entity for leave to present that claim"; however, this written application for leave to present a late claim must itself be made "within a reasonable time not to exceed one year after the accrual of the cause of action."  Cal. Gov't Code § 911.4(a)-(b) (emphasis added).  Here, Plaintiff filed his claim with the Board on July 11, 2014, and specifically argued that his claim was *not* a late filing.  Plaintiff has never filed an application for leave to file a late claim; rather, Plaintiff maintains that his July 11, 2014, claim was timely and was improperly denied as late.  (*See* Petition; Doc. 52, pp. 4-5.)

One who, like Plaintiff here, presents neither (1) a timely claim for money or damages to the public entity, nor (2) a timely application for leave to present a late claim within one year of the accrual date, is <u>effectively barred</u> from filing a lawsuit against that entity.  *See Bodde*, 32 Cal. 4th at 1239; *City of Los Angeles v. Super. Ct.*, 14 Cal. App. 4th 621, 627 (1993) (The "failure to timely comply with the Government Code requirements concerning claims bars a subsequent suit") (citations omitted).  In such circumstances, Plaintiff's only recourse was to "obtain a court order for relief from the requirements of the claims act before filing suit."  *City of Los Angeles*, 14 Cal. App. 4th at 627 (emphasis added).  Specifically, pursuant to Cal. Gov't Code § 946.6, a petition for such an order must have been filed with the superior court within six months after the application was denied or deemed denied. Cal. Gov't Code §§ 946.6(b), 911.6.

Here, Plaintiff does not allege that he petitioned any superior court for relief from the Act's claim presentation requirements under Cal. Govt. Code § 946.6 within six months of the Board's denial of his untimely claim.   Rather, Plaintiff concurrently filed a petition with his original complaint in this Court on February 10, 2015, seeking to be excused from compliance with the Act.  (*See* Doc. 1-2 (Petition).)

Plaintiff argues that relief from the claim presentation requirements should be granted by this Court because his claim to the Board was improperly deemed untimely and erroneously denied on the merits.  (*See id*.)  Defendants contend this Court does not have subject matter jurisdiction over Plaintiff's petition for relief from the claim presentation requirements of Cal. Gov't Code § 946.6(a), which unambiguously vests such jurisdiction with the California state

1  superior courts. (Docs. 47-1; 53.)

2      Plaintiff responds that this Court has subject matter jurisdiction to decide his petition.
3  (Doc. 52, pp. 5-7 (citing *Perez v. City of Escondido*, 165 F. Supp. 2d 1111, 1114 (S.D. Cal. 2001).
4  Should the Court find it lacks jurisdiction to rule on Plaintiff's petition for relief pursuant to Cal.
5  Gov't Code § 946.6, Plaintiff asks in the alternative that the Court transfer this case to Fresno
6  County Superior Court for a ruling on the petition. (*Id*, pp. 7-8.) Regardless of the merits of
7  Plaintiff's petition, it is unclear that any effort to petition the superior court at the present time
8  would be viable because the petition for relief under § 946.6 appears to be untimely.

9      The cause of action accrued on January 2, 2014, the date of Tourdot's attack, and Plaintiff
10 did not present his claim to the Board until July 11, 2014, more than six months later. Plaintiff's
11 claim was thereby deemed untimely by the Board and denied on October 24, 2014. To obtain
12 relief from noncompliance with the Act, Plaintiff was required to file an application for leave to
13 present a late claim with the proper superior court "within a reasonable time not to exceed one
14 year after the accrual of the cause of action." Cal. Gov't Code § 911.4(b); *Garber v. City of*
15 *Clovis*, 698 F. Supp. 2d 1204, 1218 (E.D. Cal. 2010) ("A trial court has broad discretion in ruling
16 on a petition for relief from the claim-filing requirement as long as the issue is whether the late
17 claim was presented within a 'reasonable time' not to exceed one year after the accrual of the
18 cause of action. When an application to file a late claim is not filed within one year, the court is
19 without jurisdiction to grant relief under Section 946.6") (internal quotations and citations
20 omitted). Having had his claim deemed untimely, however, Plaintiff did not then file an
21 application for leave to present a late claim within one year of the January 2, 2014 -- or his alleged
22 January 24, 2014 -- accrual date. (*See generally*, Doc. 1 (Complaint filed on February 10, 2015).)

23     A petition pursuant to § 946.6 must be filed "within six months after the application to the
24 board is denied or deemed denied." Cal. Gov't Code § 946.6. Here, well over six months have
25 elapsed since the Board denied Plaintiff's untimely July 11, 2014, claim. (*See* Doc. 1 (Complaint,
26 filed February 10, 2015); Doc. 1-2, p. 15 (Board denial letter dated October 24, 2014).) It is
27 therefore unclear whether the superior court would even entertain Plaintiff's petition at this
28 juncture.

4

The Court notes that relief from the claim presentation requirement may be granted pursuant to any of several enumerated exceptions. *See* Cal. Gov't Code § 946.6(c). However, Plaintiff does not allege that his failure to timely present his claim was through mistake, inadvertence, surprise, or excusable neglect, *id.*, § (c)(1), or that he was physically or mentally incapacitated during the entirety of the time for presentation of the claim or that by reason of that disability he failed to present a claim, *see id.*, § (c)(3). (*See* Am. Compl.) Accordingly, it is appears that, regardless of the merits of Plaintiff's claim, any such petition to the superior court would be considered untimely and would be subject to dismissal. Cal. Gov't Code. § 946.6; *see City of Los Angeles*, 14 Cal. App. 4th at 626 ("[P]laintiffs were required to file their petition pursuant to section 946.6 within six months of July 17, 1991, and they failed to do so. Plaintiffs' action for . . . [personal] damages is therefore barred").

It is not clear from Plaintiff's opposition whether Plaintiff's petition for relief from the claims presentment requirement, if transferred to the superior court for consideration under § 946.6, would even be entertained by the superior court as the petition was filed in this Court more than a year after the cause of action accrued -- regardless of whether the court finds the date of accrual to be January 2, 2014 (the date of the attack) or January 24, 2014 (the date Plaintiff contends he first learned of Defendants' liability). Therefore, the parties are ORDERED to further brief the issue of the viability, or futility, of Plaintiff's petition to the superior court for an order pursuant to Cal. Gov't Code § 946.6.

### IV.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. By no later than June 17, 2016, Plaintiff shall file a supplemental brief of no more than 5 pages in support of its opposition to the motion to dismiss addressing the issue of the viability, or futility, of Plaintiff's petition to the superior court for an order pursuant to Cal. Gov't Code § 946.6 as discussed above; and

2. By no later than June 22, 2016, Defendants shall file a response to Plaintiff's supplemental brief, if any, of no more than 5 pages in support of its motion to dismiss addressing the issue of the viability, or futility, of Plaintiff's petition to the

superior court for an order pursuant to Cal. Gov't Code § 946.6 as discussed above; and

3. The hearing on Defendants' motion currently set for June 22, 2016, is hereby VACATED, and will be reset upon receipt of the parties' briefs, if deemed necessary by the Court.

IT IS SO ORDERED.

Dated:   **June 13, 2016**                         /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE