1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8

9

| | |
|---|---|
| FERNIE GARZA, | Case No. 1:15-cv-00234-DAD-SKO |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS THE COMPLAINT BE GRANTED IN PART |
| v. | |
| J. ALVARA, Lieutenant; D. ROBERTS, Captain; E. ALVA, Correctional Counselor; S. TORRES, Correctional Counselor; N. BARKSDALE, MSW, ACSW; P. VIRK, M.D., CMO; N. MALAKKLA, M.D.; W. ZHANG, M.D.; K. TOOR, M.D.; RICKI BARNETT, M.D.; and DOES 10 through 50, inclusive, | Objections Due: 15 Days |
| | (Doc. 47) |
| Defendants. | |

_____/

18

19

## I.     BACKGROUND

20      Plaintiff Fernie Garza, a state prisoner represented by counsel, filed this civil rights action

21   pursuant to 42 U.S.C. § 1983 on February 10, 2015.  This action is proceeding on Plaintiff's first

22   amended complaint against Defendants Lieutenant J. Alavara, Captain D. Roberts, Correctional

23   Counselor E. Alva, Correctional Counselor S. Torres, Social Worker N. Barksdale, Chief Medical

24   Officer P. Virk, M.D., N. Malakkla, M.D., W. Zhang, M.D., K. Toor, M.D., and Ricki Barnett,

25   M.D., at California Correctional Institution ("CCI"), for violation of the Eight and Fourteenth

26   Amendments.  (Doc. 31 (Amended Complaint).)

27      On May 5, 2016, Defendants filed a motion to dismiss the complaint pursuant to Federal

28   Rule of Civil Procedure 12(b)(6).  (Doc. 47.)  Plaintiff filed his opposition on June 1, 2016, and

Defendants filed their reply on June 8, 2016.  (Docs. 52; 53-54.)  On June 13, 2016, the Court ordered the parties to submit supplemental briefing addressing the issue of the viability, or futility, of transferring to the state superior court Plaintiff's Petition for an order pursuant to Cal. Gov't Code § 946.6.  (Doc. 55.)  Plaintiff filed his supplemental brief on June 16, 2016, and Defendants filed their supplemental brief on June 21, 2016.

For the reasons that follow, it is RECOMMENDED that Defendant's motion be GRANTED IN PART.

## II.   FACTUAL BACKGROUND[1]

Plaintiff is a ward of the state in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), residing at Valley State Prison ("VSP").  (Doc. 31 (Amended Complaint), ¶ 12.)  Inmate Tourdot, another inmate at VSP,

> . . . was known to Defendants to be mentally unfit for assignment to the general population at the institution where Plaintiff was assigned.  Tourdot was known to be unpredictable, violent, and a threat to the safety of inmate and staff, and to the good order of the institution.  Tourdot was a participant in the Mental Health Services Delivery System in the Correctional Clinical Case Management System.

(*Id.*, ¶ 28.)  In spite of this knowledge, Tourdot was assigned to Plaintiff's housing unit, housed with Plaintiff, and shared a bunk with Plaintiff.  (*Id.*, ¶¶ 29-30.)

On January 2, 2014, Tourdot

> . . . attacked Plaintiff and bit down hard on Plaintiff's nose.  The force of the bite was sufficient to penetrate through the skin, tissue, muscle, and cartilage forcing the removal of a large part of Plaintiff's nose and causing a serious disfigurement to Plaintiff's face.

(*Id.*, ¶ 31.)  Tourdot was then reassigned to Administrative Segregation and criminally charged with battery by local prosecutors.  (*Id.*, ¶ 32.)

//

---

[1]  The Court is required to accept as true all factual allegations in the amended complaint when resolving a Rule 12(b)(6) motion. *See Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008).  Accordingly, the factual background section is derived from the factual allegations of the amended complaint (unless otherwise noted) and will be used to resolve this motion only.

In arriving at this findings and recommendation, the undersigned has carefully reviewed and considered all arguments, supporting documents, responses thereto, objections, and other papers filed by the parties regarding Defendants' motion to dismiss.  Omission of reference to an argument, document, paper, or objection is not be construed as though it was not considered.

CDCR staff treated Plaintiff for the wound. (*Id.*, ¶ 33.) When Plaintiff requested reconstructive surgery, the request was denied as "unnecessary." (*Id.*) After Plaintiff retained counsel, however, the denial was reversed and reconstructive surgery was arranged. (*Id.*, ¶ 35.) The process required more than one surgery, however, and when the surgeon scheduled a follow-up surgery, "DOE CME refused to allow it, and then, after further pressure was applied, agreed to allow it, but caused numerous delays of approximately nine months." (*Id.*) Plaintiff alleges he "sunk into despair and depression" as a result of "the possibility of living the rest of his life with a disfigured face," was treated by mental health staff "as a crisis intervention due to this traumatic event," and that the "denials and delays caused [him] to suffer needlessly both physically and emotionally." (*Id.*)

Plaintiff alleges Defendants J. Alvara, D. Roberts, E. Alva, S. Torres, and N. Barksdale "made, joined in, agreed with, or ratified the decision to house Plaintiff and Tourdot together" with deliberate indifference to Plaintiff's personal safety (*id.*, ¶¶ 29, 31), and that Defendants P. Virk, M.D., N. Malakkla, M.D., W. Zhang, M.D., K. Toor, M.D., and Ricki Barnett, M.D., "made, joined in, agreed with, or ratified the decision to deny surgery to Plaintiff" (*id.*, ¶ 33).

On July 11, 2014, Plaintiff presented by mailing to the Victim Compensation and Government Claims Board (the "Board") claims to the clerk for the injuries, disability, losses, and damages suffered as a result of the incident. (Am. Compl., ¶ 8.) On October 24, 2014, the Board mailed a letter notice to Plaintiff of the Board's rejection of his claims in their entirety as "late." (*Id.*, ¶ 9.) Without conceding his claim was late, Plaintiff filed his Petition for an Order to Be Relieved of the Presentment Requirements as part of the original Complaint. (*Id.*, ¶ 10; *see also* Doc. 1-2 (Plaintiff's Petition).)

Plaintiff alleges he "discover[ed] how Defendants were liable" in assigning Tourdot to the general population and leaving him in a position to attack Plaintiff on January 24, 2014, when Plaintiff overheard medical staff discussing his case. (Pl.'s Pet., p. 3.) He contends his claim did not accrue until January 24, 2014, and his July 11, 2014, mailed claim was timely and in compliance with the requirements of Cal. Govt. Code, Section 905. (*Id.*)

//

### III.   JUDICIAL NOTICE

A court may take judicial notice of an adjudicative fact, which "must be one not subject to reasonable dispute in that it is either (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  A court's consideration of documents either attached to a complaint or incorporated by reference, or of matters of judicial notice, will not convert a motion to dismiss into a motion for summary judgment.  *Ritchie*, 342 F.3d at 907-08.  "A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  The Ninth Circuit has explained such reliance is permissible when "plaintiff's claim depends on the contents of a document" that is not attached to the complaint.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (court may consider document if authenticity not questioned in order to prevent plaintiff from prevailing on Rule 12(b)(6) motion by omitting documents underlying a claim).

Defendants request the Court take judicial notice of the legislative history for California Gov't Code § 946.6, and attach a copy to their request.  (Doc. 54.)  Plaintiff has not opposed their request, and the authenticity of these documents is not in question.  The court may consider these filings, as their authenticity is undisputed, and the ongoing state court proceedings are essential to Plaintiff's claims. The court takes judicial notice as requested.

### IV.   MOTION TO DISMISS STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir.

2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).   Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and "'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim,'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).  Further,

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).  Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible.  The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable.   The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." . . . Rule 8(a) "*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations.

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (internal citations omitted) (emphases in original).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.  To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

//

In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  However, the court may also properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), *see also*, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (court may consider facts established by exhibits attached to the complaint), *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (facts which may be judicially noticed), *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (matters of public record, including pleadings, orders, and other papers filed with the court).

## IV.   DISCUSSION

Defendants contend Plaintiff's amended complaint fails to demonstrate that "any individual Defendant personally participated in" the violation of Plaintiff's constitutional rights, either for failure to protect Plaintiff from violence at the hands of another prisoner or for deliberate indifference to Plaintiff's medical needs.  (Doc. 47-1 (Motion to Dismiss).)  Defendants further contend Plaintiff's claims for general negligence and medical negligence are barred for failure to comply with the claim presentation requirements of the California Government Claims Act and this Court lacks jurisdiction to hear Plaintiff's claims pursuant to California Government Code § 946.6.  (*Id.*)  Plaintiff contends he has alleged sufficient facts to satisfy the Rule 8(a) pleading standard, Fed. R. Civ. P. 8(a)(2), his claim presented to the Board was timely, and this Court has subject matter jurisdiction over the matter.  (Doc. 52 (Opposition to Motion to Dismiss).)

## A.   Plaintiff Has Pled Adequate Facts to Meet the Eighth Amendment's Subjective Requirement of Deliberate Indifference Against the Individual Defendants

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (quotation marks omitted).  Rather than provide courts with a fixed formula to determine whether particular conditions constitute cruel and unusual punishment, the Eighth Amendment requires courts to look to the "evolving standards of decency that mark the

progress of a maturing society." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion)) (internal quotation marks omitted). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective." *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (internal quotation and citation omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." *Lopez*, 203 F.3d at 1133; *see also Farmer*, 511 U.S. at 834-42.

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *See Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009). Not all infliction of pain related to prison conditions violates the Eighth Amendment. *See Rhodes*, 452 U.S. at 349. Whether conduct can be characterized as rising to the level of a constitutional violation depends upon the constraints facing the defendant prison official. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

### 1.    Failure to Protect

In *Farmer*, the Supreme Court made clear that there is a governmental obligation to "protect prisoners from violence at the hands of other prisoners," and that the assault of one inmate by another can violate the Constitution. *Id.* at 833. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Id.*; *see also Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

To be deliberately indifferent, the defendants must "know" of the risk to the plaintiff but be indifferent and unresponsive to it. *Farmer*, 511 U.S. at 842. "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or

1  omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at

2  835.  In sum, the prison official must know of and disregard an excessive risk to inmate health or

3  safety.

4       This is a subjective test which is met if the defendant is shown to be aware of the risk to

5  the inmate and then fails to respond to it.  *See, e.g., Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir.

6  1994), *cert. denied*, 514 U.S. 1065 (1995) (to establish liability for deliberate indifference to the

7  safety of inmates, an inmate must show that there was a sufficiently serious risk of harm and that

8  prison officials knew of the risk of harm); *Fisher v. Stewart*, 37 Fed. Appx. 947 (9th Cir. 2002)

9  (prison official was not deliberately indifferent to inmate's safety where official did not learn until

10  afterward of a substantial risk of harm to the inmate); *Estate of Ford v. Ramirez-Palmer*, 301 F.3d

11  1043, 1052 (9th Cir. 2002) (prison officials did not violate plaintiff's Eighth Amendment rights by

12  celling him with inmate who had an "extraordinary history of violence" because the two inmates

13  were previously housed together without incident and the cellmate had not recently acted

14  aggressively toward others); *Hearns*, 413 F.3d 1036 (inmate's pro se complaint sufficiently

15  alleged facts detailing religiously motivated violence to state § 1983 claim that prison officials

16  failed to protect him from attacks by other inmates in violation of his Eighth Amendment rights;

17  inmate alleged that officials knew that numerous Muslim inmates had been subject to attack by

18  ruling Muslim group in chapel); *Byerly v. Deputy Warden* (9th Cir. 2007) 246 Fed. Appx. 512

19  (assuming attack on inmate by fellow prisoners constituted a significantly serious deprivation of

20  inmate's rights, there was no evidence that acting director of the Arizona Department of

21  Corrections was aware of likelihood of attack, after prisoner sought and was denied placement in

22  protective segregation because he was a sex offender).

23       Defendants contend Plaintiff has failed to allege "any facts showing that any Defendant

24  was aware of an excessive risk of harm to [Plaintiff]'s safety."  (Doc. 47-1, p. 5.)  Here, Plaintiff

25  alleges that though Defendants knew inmate Tourdot to be "unpredictable, violent, and a threat to

26  the safety of inmates and staff" and "mentally unfit for assignment to the general population," he

27  was classified as "D" and approved for dormitory housing assignment and celled with Plaintiff.

28  (Am. Compl, ¶¶ 28-29, 46-48.)  Plaintiff further alleges that custodial Defendants Alvara, Roberts,

Alva, Torres, and Barksdale individually "knew of the serious risk of harm to Plaintiff's health and safety if an unsuitable inmate, such as Tourdot, was assigned to share housing with Plaintiff and disregarded that risk" in making the decision to house Tourdot with Plaintiff, and "made, approved, allowed, recommended, or ratified" the decision to house a mentally unfit inmate with Plaintiff.   (*Id.*, ¶¶ 28-29, 31, 52-54.)   Plaintiff alleges that the custodial Defendants were deliberately indifferent to the risk of harm posed by being celled with inmate Tourdot, and as a result he was attacked, bitten, and seriously disfigured by "the removal of a large part of [his] nose." (*Id.*, ¶ 30.)

At this stage of the pleadings, Plaintiff need only satisfy the pleading standard set forth by the Court in *Iqbal* pursuant to Fed. R. Civ. P. 8(a), *see* 556 U.S. 662, not the more exacting standard required under Fed. R. Civ. P. 56 for a motion for summary judgment.  *See Starr*, 652 F.3d at 1216-17 ("Rule 8(a) 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' to support the allegations").  Plaintiff's amended complaint contains sufficient factual allegations establishing a "plausible" entitlement to relief for a claim of deliberate indifference to the risk of attack posed by celling him with inmate Tourdot, satisfying the minimal notice pleading requirements of Rule 8.  *See Twombly*, 550 U.S. at 569, n.14; *see also Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 839 (9th Cir. 2007) ("Rule 8's concluding admonishment that '[a]ll pleadings shall be so construed as to do substantial justice' confirms the liberality with which we should judge whether a complaint gives the defendant sufficient notice . . . .") (quoting Fed. R. Civ. P. 8(f)).

Taken as true, the allegations of the amended complaint are sufficient to satisfy the Rule 8 pleading standard that the individual custodial Defendants knew of and deliberately disregarded the risk posed to Plaintiff by celling him with an inmate known to be "mentally unfit for assignment to the general population" (*see* Am. Compl., ¶¶ 28, 42).  *See Starr*, 652 F.3d at 1215 ("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.") (internal citation and quotations omitted).  Accordingly, it is

9

1  RECOMMENDED that Defendants' motion to dismiss Plaintiff's civil rights claims against the

2  custodial Defendants be DENIED.

3  **2.     Denial of Medical Care**

4  The Eighth Amendment protects prisoners from inhumane methods of punishment and

5  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

6  2006).  Though the Eighth Amendment entitles prisoners to adequate medical care, it is violated

7  only when a prison official acts with deliberate indifference to an inmate's serious medical needs.

8  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta*

9  *v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th

10 Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

11 Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his]

12 condition could result in further significant injury or the unnecessary and wanton infliction of

13 pain," and (2) that "the defendant's response to the need was deliberately indifferent."  *Wilhelm*,

14 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a

15 purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm

16 caused by the indifference."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  The

17 requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of

18 due care.  *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122.  An inmate challenging denial of

19 treatment must allege that the denial "was medically unacceptable under the circumstances," and

20 made "in conscious disregard of an excessive risk to [the inmate]'s health."  *Jackson v. McIntosh*,

21 90 F.3d 330, 332 (9th Cir. 1996).

22 However, "deliberate indifference to serious medical needs of prisoners" is distinguished

23 from mere "negligen[ce] in diagnosing or treating a medical condition" under the Eighth

24 Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Eighth Amendment liability requires

25 "more than ordinary lack of due care for the prisoner's interests or safety[,]" *Whitley v. Albers*,

26 475 U.S. 312, 319 (1986), and a showing of medical malpractice or negligence is <u>insufficient</u> to

27 establish a constitutional deprivation under the Eighth Amendment, *Toguchi v. Chung*, 391 F. 3d

28 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also*

1  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is

2  insufficient to establish a constitutional violation); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460

3  (9th Cir. 1980) (per curiam) (noting mere indifference, medical malpractice, or negligence do not

4  support a cause of action under the Eighth Amendment).

5        Defendant contends that Plaintiff's conclusory allegations, lacking specific factual content,

6  are insufficient to state a claim.  (Doc. 47-1, pp. 6-8 (citing *Iqbal*, 556 U.S. at 624, 678).)  The

7  undersigned disagrees.  Here, Plaintiff alleges that each individual physician Defendants Virk,

8  Malakkla, Zhang, Toor, and Barnett "knew of the serious risk of harm to Plaintiff's health and

9  well being if they failed to provide the reasonable and necessary reconstructive surgery that would

10  preserve Plaintiff's nasal passages and identity and disregarded that risk"; "negligently, and with

11  deliberate indifference, made, approved, allowed, recommended, or ratified the decision to refuse

12  to provide Plaintiff treatment for his injuries"; and "created a policy that set guidelines for when

13  and when not to provide medical treatment. . . . [that] fall below the minimum constitutionally

14  required standards for healthcare."  (Am. Compl., ¶¶ 33, 56-60.)  Plaintiff further alleges that as a

15  result of the physician Defendants' "negligence and deliberate indifference, Plaintiff suffered

16  physical damage to his body and emotional pain, suffering, and loss of enjoyment of life."  (*Id.*,

17  ¶ 61.)

18        As discussed above, at this stage of the pleadings, Plaintiff need only satisfy the pleading

19  standard set forth by the Court in *Iqbal* pursuant to Fed. R. Civ. P. 8(a), *see* 556 U.S. 662, not the

20  more exacting standard required under Fed. R. Civ. P. 56 for a motion for summary judgment.

21  *See Starr*, 652 F.3d at 1216-17 ("Rule 8(a) 'does not impose a probability requirement at the

22  pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery

23  will reveal evidence' to support the allegations").

24        Here, Plaintiff's amended complaint contains sufficient factual allegations establishing a

25  "plausible" entitlement to relief for a claim of deliberate indifference to his serious medical needs

26  against the physician Defendants, satisfying the minimal notice pleading requirements of Rule 8.

27  *See Twombly*, 550 U.S. at 569, n.14; *see also Skaff*, 506 F.3d at 839 ("Rule 8's concluding

28  admonition that '[a]ll pleadings shall be so construed as to do substantial justice' confirms the

1  liberality with which we should judge whether a complaint gives the defendant sufficient

2  notice . . . .") (quoting Fed. R. Civ. P. 8(f)).

3       Defendants further assert that "Plaintiff's difference of opinion with his physicians about

4  when or whether surgery is required does not support a medical deliberate-indifference claim."

5  (*Id.*)  While Defendants are correct that mere indifference, medical malpractice, or negligence do

6  not support a cause of action under the Eighth Amendment, *see Broughton*, 622 F.2d at 460, here

7  Plaintiff alleges that Defendants arbitrarily and deliberately denied his request for reconstructive

8  surgery, and only reversed their decision under the threat of litigation when he retained counsel.

9  (Am. Compl., ¶¶ 33-35.)

10      Taken as true, the allegations of the amended complaint are sufficient satisfy the Rule 8

11  pleading standard that the physician Defendants knew of and deliberately disregarded Plaintiff's

12  serious medical needs.  *See Starr*, 652 F.3d at 1215 ("Rule 8(a) establishes a pleading standard

13  without regard to whether a claim will succeed on the merits.  Indeed it may appear on the face of

14  the pleadings that a recovery is very remote and unlikely but that is not the test.") (internal citation

15  and quotations omitted).  Accordingly, it is RECOMMENDED that Defendants' motion to dismiss

16  Plaintiff's civil rights claims against the physician Defendants be DENIED.

17  **B.      Plaintiff's State Law Claims Should Be Dismissed**

18      Defendants contend Plaintiff's causes of action for general negligence and medical

19  negligence are barred because Plaintiff failed to comply with the claim presentation requirements

20  of the California Tort Claims Act.  (Docs. 47-1; 53.)  Plaintiff disputes that his claim was late,

21  contending that he timely submitted his claim to the Board.  (Doc. 52, p. 4.)  Plaintiff explains that

22  his July 11, 2014, claim was submitted within six months of discovering Defendants' potential

23  liability and was improperly rejected as untimely.  (*Id.*)  Plaintiff further asserts that if untimely,

24  the case should be transferred to Fresno Superior Court for an order granting relief from the claim

25  presentation requirements of the California Tort Claims Act.  (*Id.*, pp. 7-8.)

26  //

27  //

28  //

### 1.   California Tort Claims Act[2]

The California Tort Claims Act (the "Act") requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board (the "Board") no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2; *see also Maynard v. City of San Jose*, 37 F.3d 1396, 1406 (9th Cir. 1994).

Compliance with the Act's filing requirements is mandatory.  *See* Cal. Gov't Code § 945.4; *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007); *State v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1240 (2004).  These procedural requirements -- and compliance with them -- are "substantive elements of the cause of action."  *See United States v. State of Cal.*, 655 F.2d 914, 918 (9th Cir. 1980).  "Complaints that do not allege any facts demonstrating that a tort claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action."  *Shirk*, 42 Cal 4th at 209.

Under Cal. Gov't Code § 946.6, a would-be claimant may petition a court for an order relieving the petitioner from the requirement of Cal. Gov't Code § 945.4 to present a timely claim to the Board.  "The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates."  Cal. Gov. Code § 946.6(a).  Although federal courts do not have jurisdiction over § 946.6 petitions, it is proper for federal courts to determine whether a plaintiff bringing tort claims against a public entity has complied with the Act.  *See United States v. State of Cal.*, 655 F.2d at 918-19.  Similarly, federal courts can hear valid tort claims pursuant to their supplemental jurisdiction.

### 2.   Plaintiff's State Law Claims for Negligence and Medical Negligence Should Be Dismissed with Prejudice and Without Leave to Amend

Plaintiff was attacked by Tourdot on January 2, 2014.  Plaintiff then overheard medical "asking why an inmate with Tourdot's history of mental illness had been placed in a position to

---

[2]   The Court recognizes that in *City of Stockton v. Superior Court*, 42 Cal.4th 730, 742 (2007), the California Supreme Court adopted the practice of referring to the California's Tort Claims Act as the Government Claims Act.  However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

1   attack [Plaintiff]" on January 24, 2014.  Plaintiff filed his claim with the Board on July 11, 2014,

2   more than six months after the attack.  The Board "denied [Plaintiff's] application to present a late

3   claim and rejected the claim itself" on the merits on October 24, 2014.  (*See* Pet., pp. 11-15.)

4   Along with his Complaint, Plaintiff filed a Petition seeking an order relieving him from the claim

5   presentation requirement of the Act, Cal. Gov't Code § 945.4, pursuant to Cal. Gov't Code §

6   946.6(a).  (*See* Pet., pp. 1-7.)

7        Under the Act, plaintiffs "must timely file a claim for money or damages with the public

8   entity" before filing a suit like the instant action.  *State v. Superior Court (Bodde)*, 32 Cal. 4th

9   1234, 1237 (2004) (citing Cal. Gov't Code § 911.2).  "Claims for personal injury and property

10  damage must be presented within six months after accrual."  *City of Stockton v. Super. Ct.*, 42 Cal.

11  4th 730, 738 (2007) (citing Cal. Gov't Code § 911.2).  Generally speaking, a claim accrues at "the

12  time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs,

13  and the consequent 'liability arises.'"  *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999)

14  (citation omitted).  In other words, the statute of limitations begins to run "when the cause of

15  action is complete with all of its elements."  *Id.* (citation omitted).  Here, the action accrued on

16  January 2, 2014, the date Plaintiff was attacked by Tourdot.  Plaintiff did not file his claim until

17  July 11, 2014.

18       As currently pled, Plaintiff did not timely present his claims within six months of accrual

19  as required by the Act.  *See* Cal. Gov't Code §§ 911.2, 945.4.  Although "a written application

20  may be made to the public entity for leave to present that claim," this written application for leave

21  to present a late claim must itself be made "within a reasonable time not to exceed one year after

22  the accrual of the cause of action."  Cal. Gov't Code § 911.4(a)-(b) (emphasis added).  Here,

23  Tourdot attacked Plaintiff on January 2, 2014, and Plaintiff filed his claim with the Board on July

24  11, 2014, specifically stating that his claim was *not* a late filing.  Plaintiff failed to file an

25  application for leave to file a late claim; he instead maintained and continues to maintain that his

26  July 11, 2014, claim was timely and was improperly denied as late.  (*See* Petition; Doc. 52, pp. 4-

27  5.)  As such, Plaintiff's claim to the Board was untimely filed.

28  //

One who, like Plaintiff here, presents neither (1) a timely claim for money or damages to the public entity within six months of the accrual date, nor (2) a timely application for leave to present a late claim within one year of the accrual date, is effectively barred from filing a lawsuit against that entity. *See Bodde*, 32 Cal. 4th at 1239; *City of Los Angeles v. Super. Ct.*, 14 Cal. App. 4th 621, 627 (1993) (The "failure to timely comply with the Government Code requirements concerning claims bars a subsequent suit") (citations omitted). In such circumstances, Plaintiff's only recourse was to "obtain a court order for relief from the requirements of the claims act before filing suit." *City of Los Angeles*, 14 Cal. App. 4th at 627 (emphasis added). Specifically, pursuant to Cal. Gov't Code § 946.6, a petition for such an order must be filed with the superior court within six months after the application is denied or deemed denied. Cal. Gov't Code §§ 946.6(b), 911.6.

Though Plaintiff contends that his claim was timely filed and improperly denied as late, it appears that the Board actually treated Plaintiff's July 11, 2014, claim as an application to file a late claim pursuant to Cal. Gov't Code § 911.4 because it also denied the claim on the merits. (*See* Pet., Exh. 2 (letter dated October 24, 2014, stating that on October 16, 2014, the Board had "denied [Plaintiff's] application to present a late claim and rejected the claim itself").) Regardless of whether Plaintiff's claim was denied procedurally as untimely, substantively on the merits, or both, Plaintiff had a final decision denying his claim as of October 16, 2014, when the clock began to run for filing a petition for an order relieving Plaintiff from the claim presentation requirements of Cal. Gov't Code § 945.4. Cal. Govt't Code §§ 911.2, 911.4, 911.6, 946.6(a). *See Rason v. Santa Barbara City Housing Authority*, 201 Cal. App. 3d 817, 826 (1988) ("The clock for filing a petition begins to run from the date of denial or 'deemed' denial by the public entity, not from the date of personal delivery or mailing of the notice").

Here, it is undisputed that Plaintiff did not file a petition with the state superior court for relief from the Act's claim presentation requirements within six months of the Board's October 16, 2014, denial of his claim as required by Cal. Govt. Code § 946.6. Rather, Plaintiff concurrently filed a Petition seeking to be excused from compliance with the Act with his original complaint in this Court on February 10, 2015, arguing that relief should be granted because his

claim to the Board was improperly deemed untimely and erroneously denied on the merits. (*See* Pet.)

             **a.**       **The Court Does Not Have Jurisdiction to Hear Plaintiff's Petition**

Defendants contend this Court does not have subject matter jurisdiction over Plaintiff's Petition for relief from the claim presentation requirements of Cal. Gov't Code § 946.6(a), which unambiguously vests such jurisdiction with the California state superior courts.  (Docs. 47-1; 53.) Plaintiff asserts this Court does have subject matter jurisdiction to decide his Petition, urging this Court to follow a decision out of the Southern District of California that pre-dated a 2002 amendment of the statute to determine that the Court does have jurisdiction.  (Doc. 52, pp. 5-7 (citing *Perez v. City of Escondido*, 165 F. Supp. 2d 1111, 1114 (S.D. Cal. 2001).)

The Ninth Circuit has not decided whether a federal court, rather than a state court, has jurisdiction to rule on a petition for leave to file a late claim, and there is a split of authority among California's district courts.  In the absence of such precedent,

> . . . most California District Courts interpret § 946.6(a) as meaning that only state superior courts, and not federal district courts, may grant relief from Government Code § 945.4.  *See e.g., Maximo v. San Francisco Unified Sch. Dist.*, 2011 U.S. Dist. LEXIS 30225, *17-18, 2011 WL 1045292 (N.D. Cal. Mar.21, 2011); *Hickenbottom v. City of San Rafael*, 2010 U.S. Dist. LEXIS 109007, *5, 2010 WL 4009434 (N.D. Cal. Oct.13, 2010); *Ludavico v. Sacramento County*, 2009 U.S. Dist. LEXIS 22519, *15-16, 2009 WL 616868 (E.D. Cal. Mar.11, 2009); *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1022 (C.D. Cal. 2000); *Hernandez v. McClanahan*, 996 F. Supp. 975, 978 (N.D. Cal. 1998); *Luers v. Smith*, 941 F. Supp. 105, 108 (C.D. Cal. 1996)).
>
> [¶]  Some courts have reached a contrary conclusion and have held that both state superior courts and federal district courts may grant relief pursuant to § 946.6.  *See Rahimi v. AMTRAK*, 2009 U.S. Dist. LEXIS 59423, *9-12, 2009 WL 1883756 (N.D. Cal. June 30, 2009); *Perez v. Escondido*, 165 F. Supp. 2d 1111, 1113 (S.D. Cal. 2001).

*Crisp v. Wasco State Prison*, No. 1:13-cv-00816-GSA-PC, 2013 WL 3805150, at *2 (E.D. Cal. July 22, 2013) (quoting *Hill v. City of Clovis*, 1:11-cv-1391-AWI-SMS, 2012 WL 787609, at *12 (E.D. Cal., Mar. 9, 2012); *cf. Garber v. City of Clovis*, 698 F. Supp. 2d 1204, 1210 (E.D. Cal. 2010) (holding that the federal district court has the ability to make a finding under § 946.6, but emphasizing that the Court was not precluded from granting relief pursuant to § 946.6 only because "all parties have assumed, without briefing the issue, that this court has jurisdiction and

1    the ability to grant relief from complying with the [Act]").

2            The Court notes that of the two cases holding that both state superior courts and federal

3    district courts may grant relief pursuant to Cal. Gov't Code § 946.6, *Perez* relied in part on the

4    language of § 946.6 predating amendments that went into effect in 2002 and *Rahimi*, in turn, relied

5    on *Perez* in reaching its own conclusion.  Prior to 2002, § 946.6(a) in pertinent part stated that the

6    "proper court for filing the petition is a court which would be a competent court for the trial of an

7    action on the cause of action to which the claim relates and which is located in a county or judicial

8    district which would be a proper place for the trial of the action. . . ."  Cal. Govt. Code § 946.6(a)

9    (2001 ed.) (emphasis added); *Perez*, 165 F. Supp. at 1113.  However, since 2002, the language of

10   § 946.6(a) has become more specific.  The "proper court" for obtaining relief is no longer "a

11   court," rather, it is now "a superior court."  Cal. Gov.Code § 946.6(a).  *See Crisp*, 2013 WL

12   3805150, at *2; *Hill*, 2012 WL 787609 at *12; *see also Ovando*, 92 F.Supp.2d at 1022;

13   *Hernandez*, 996 F. Supp. at 978; *Luers*, 941 F. Supp. at 108.

14           The Court also notes that one case in the Eastern District has held that the district court had

15   subject matter jurisdiction to hear the plaintiff's petition.  In *Garber*, 698 F.Supp.2d 1204, this

16   Court considered the plaintiff's petition and denied relief under § 946.6 because the plaintiff had

17   not met the substantive requirements of § 946.6.  The Court performed this analysis, however,

18   *only* because the parties appeared to assume that the Court had jurisdiction to hear the petition.

19   *See id.* at 1210.  Here, Defendants expressly contest the Court's jurisdiction to hear Plaintiff's

20   Petition and assert that the court in which Plaintiff must seek relief is the superior court and that

21   the judicial petition procedure cannot be bypassed.  (*See* Docs. 47-1; 53.)

22           The undersigned agrees with Defendants that this Court is not the proper court for

23   presentation of Plaintiff's Petition for relief pursuant to Cal. Gov't Code § 946.6(a).  *Hernandez*,

24   996 F. Supp. at 978 (federal district courts "lack[ ] subject matter jurisdiction to consider section

25   946.6 petitions"); *Ovando*, 92 F. Supp. 2d at 1022 (federal district courts have jurisdiction to

26   consider whether the claimant has complied with the Act; the question presented by a § 946.6

27   petition, however, is whether a claimant should be *relieved* of his obligations under the Act and is

28   separate from the merits and not properly within a federal court's subject matter jurisdiction").

17

1   Because this Court is <u>not</u> the proper court for obtaining relief from the Board's determination, the

2   Court has <u>no</u> jurisdiction to hear Plaintiff's appeal from the Board's denial of his claim, either as

3   untimely or on the merits.  Accordingly, Plaintiff's § 946.6 Petition should be dismissed for lack

4   of subject matter jurisdiction pursuant to Rule 12(b)(6).

5               **b.      Plaintiff's Petition to the Superior Court Appears to Be Futile**

6        A dismissal of Plaintiff's Petition pursuant to Rule 12(b)(6) does not necessarily preclude

7   Plaintiff from bringing a similar petition in the appropriate California state court.  Plaintiff

8   suggests, rather than dismissing his Petition, that this Court transfer the Petition to Fresno County

9   Superior Court for a ruling on the Petition.  (Doc. 52, pp. 7-8.)  Regardless of the merits of

10  Plaintiff's petition, it appears that dismissal, rather than transfer or remand, is appropriate, as any

11  effort to petition the superior court at the present time would be futile.

12       The petition is untimely.  A petition pursuant to § 946.6 "shall be filed within six months

13  after the application to the board is denied or deemed denied."  Cal. Gov't Code § 946.6.  Well

14  over six months have elapsed since the Board denied Plaintiff's July 11, 2014, claim on October

15  16, 2014.  (Pet., p. 15 (Board denial letter dated October 24, 2014).)  *See Rason v. Santa Barbara*

16  *City Housing Authority*, 201 Cal. App. 3d 817, 826 (1988) ("The clock for filing a petition begins

17  to run from the date of denial or 'deemed' denial by the public entity, not from the date of personal

18  delivery or mailing of the notice").  Accordingly, any such petition now made to the superior court

19  would be untimely and would be subject to dismissal.  Cal. Gov't Code. § 946.6; *City of Los*

20  *Angeles*, 14 Cal. App. 4th at 626 ("[P]laintiffs were required to file their petition pursuant to

21  section 946.6 within six months of July 17, 1991, and they failed to do so.  Plaintiffs' action for

22  . . . [personal] damages is therefore barred").

23       Further, Plaintiff has failed to allege facts demonstrating relief should be granted pursuant

24  to any of the exceptions to compliance with the claim presentation requirement.  *See Mangold v.*

25  *California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim-Panahi v. Los Angeles*

26  *Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  A public entity may be estopped from asserting

27  the limitations period as a defense in some circumstances.  *See K.J. v. Arcadia Unified School*

28  *Dist.*, 172 Cal. App. 4th 1229, 1240 (2009).  Alternatively, under certain circumstances, the

"delayed discovery rule" can excuse untimely compliance to protect those "blamelessly ignorant" of the accrual of their cause of action.  *See Leaf v. City of San Mateo*, 104 Cal. App. 3d 398, 408 (1980).   The delayed discovery principle may be applied when the plaintiff "neither had information of the circumstances sufficient to put a reasonable person on inquiry notice nor had the opportunity to obtain such knowledge from sources available upon reasonable investigation." *Ovando*, 92 F. Supp. 2d at 1023 (citing *Bastian v. Cnty. of San Luis Obispo*, 199 Cal. App. 3d 520, 527 (1988).   Once the elements of belated discovery are pleaded, the question of whether the plaintiff has exercised due diligence in discovering negligence is one of fact.  *Id.*

Here, Plaintiff does not allege he failed to timely file his claim with the Board due to mistake, inadvertence, surprise, or excusable neglect, *see* Cal. Gov't Code § 946.6(c)(1), or that he was physically or mentally incapacitated during the entirety of the time for presentation of the claim or that by reason of that disability he failed to present a claim, *see id.*, § (c)(3); *Munoz v. State of California*, 33 Cal. App. 4th 1767, 1783 (1995) (the party seeking relief pursuant to § 946.6 bears the burden of proof).  (*See* Am. Compl.)  Rather, Plaintiff contends that his claim was in fact timely presented to the Board because the accrual date of his cause of action was tolled by his delayed discovery of Defendants' potential liability.  (*See* Pet., pp. 2-3.)  As discussed above, this Court lacks subject matter jurisdiction to determine whether Plaintiff's allegation that he was psychologically disabled during his "acute phase of recovery," and only discovered Defendants' potential liability on January 24, 2014, tolls the limitations period so as to render his claim timely filed to the Board.  That is a question for the state superior court, were it to hear Plaintiff's Petition.

Finally, Plaintiff has not asked the Court to remand the case to state court for consideration of his claims and his Petition in lieu of dismissing his state law claims outright.  Rather, Plaintiff has requested that the Court "transfer" his Petition to the state court for consideration.  (Doc. 52, pp. 7-8.)  Plaintiff appears to contemplate that such transfer would preserve his federal filing date of February 10, 2015, so that his Petition would be timely filed within six months of the Board's October 16, 2014, denial of his claim.  (*See* Doc. 56, p. 4.)  However, Plaintiff provides no authority to demonstrate the Court has the ability to sever a single claim -- the Petition -- from the

case and "transfer" it to state court in such a way that the Petition's filing date in federal court would be preserved, and the undersigned has found no such authority.  Given that the Court cannot sever Plaintiff's Petition for "transfer" to the state court and Plaintiff's Petition would be untimely if now filed in the state superior court, it appears that any further action on the Petition would be futile and dismissal is appropriate.

Regardless of the merits of Plaintiff's claim and regardless of whether Plaintiff's claim was tolled by delayed discovery, as currently pled, even if Plaintiff were to seek relief in the superior court from the requirements of the California Government Tort Claims Act, the superior court would lack jurisdiction under § 946.6 to hear his Petition.  Because the amended complaint does not show compliance, or an excuse from complying with the Act's claims presentation requirements, and since it appears that allowing amendment at this time would be futile, it is RECOMMENDED that dismissal of the state law claims against Defendants be without leave to amend.

### V.    CONCLUSION AND RECOMMENDATION

Accordingly, the undersigned RECOMMENDS that:

1.    Defendant's to dismiss the complaint be GRANTED IN PART; and

2.    Plaintiff's state law claims for general negligence and medical negligence be DISMISSED with prejudice and without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **fifteen (15) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **seven (7) days** after service of the objections.  The parties are advised that failure to

//

//

//

//

file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 8, 2016**                                   /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE