UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNIE GARZA, | No. 1:15-cv-00234-DAD-SKO |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS THE COMPLAINT BE GRANTED IN PART |
| J. ALVARA, Lieutenant; D. ROBERTS, Captain; E. ALVA, Correctional Counselor; S. TORRES, Correctional Counselor; N. BARKSDALE, MSW, ACSW; P. VIRK, M.D., CMO; N. MALAKKLA, M.D.; W. ZHANG, M.D.; K. TOOR, M.D.; and RICKI BARNETT, M.D., | ORDER THAT PLAINTIFF FILE AN AMENDED COMPLAINT WITHIN 30 DAYS OF SERVICE OF THIS ORDER |
| | (Doc. Nos. 47, 60) |
| Defendants. | |

Plaintiff Fernie Garza, a state prisoner represented by counsel, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on February 10, 2015.  (Doc. No. 1.)  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 8, 2016, the assigned magistrate judge issued findings and recommendations, recommending defendant's motion to dismiss the amended complaint (Doc. No. 47) be granted in part. (Doc. No. 60.)  Specifically, the assigned magistrate judge recommended: (1) that defendants' motion be denied as to plaintiff's civil rights claims under 42 U.S.C. § 1983, and (2)

1

1   that defendants' motion be granted as to plaintiffs' state law claims for general and medical
2   negligence.  (*Id.*)  The findings and recommendations were served on plaintiff that same day and
3   contained notice that any objections thereto were to be filed within fifteen days.  (*Id.*)  On July 18,
4   2016, plaintiff timely filed objections with respect to dismissal of his state law claims.  (Doc. No.
5   61.)

6         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
7   *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's
8   objections, the court finds the findings and recommendations to be supported by the record and
9   by proper analysis.

10         "[A] district court has discretion, but is not required, to consider evidence presented for
11   the first time in a party's objection to a magistrate judge's recommendation."  *United States v.*
12   *Howell*, 231 F.3d 615, 621 (9th Cir. 2000).  Nevertheless, arguments and factual allegations
13   presented for the first time in objections cannot be used to correct the defects of the complaint.
14   *Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (holding it is within the district court's
15   discretion "not to consider an opposition to a motion to dismiss inappropriately presented by
16   plaintiff for the first time in objections"); *see also* 28 U.S.C. § 636(b)(1)(C).

17         In his objections, plaintiff alleges facts fleshing out several theories not addressed in either
18   his amended complaint or in his opposition and supplemental briefing on the instant motion to
19   dismiss.  For the first time, in his objections plaintiff argues that the discovery rule tolls the date
20   of accrual of his state law claims because he had no ability to investigate the prison staff's roles in
21   placing him in housing with a dangerous inmate and that the accrual date with respect to those
22   claims was also tolled by excusable neglect because he was incapacitated from the attack and
23   could not act effectively on his own behalf. (Doc. No. 61 at 1–3.)   Plaintiff's contentions are not
24   inconsistent with the magistrate judge's finding that regardless of whether plaintiff's arguments
25   for tolling the accrual date, this court lacks jurisdiction to hear such arguments.  (Doc. No. 60 at
26   16–20.)  In fact, plaintiff appears to concede as much.  (*See* Doc. No. 61 at 6.)

27         Plaintiff further contends that the assigned magistrate judge erred by finding that
28   "transfer" of the petition to the state superior court would be futile.  (*See* Doc. Nos. 60 at 18–20;

61.) As the magistrate judge stated,

> . . . Plaintiff has not asked the Court to remand the case to state court for consideration of his claims and his Petition in lieu of dismissing his state law claims outright.  Rather, Plaintiff has requested that the Court "transfer" his Petition to the state court for consideration. (Doc. 52, pp. 7-8.) Plaintiff appears to contemplate that such transfer would preserve his federal filing date of February 10, 2015, so that his Petition would be timely filed within six months of the Board's October 16, 2014, denial of his claim. (See Doc. 56, p. 4.)  However, Plaintiff provides no authority to demonstrate the Court has the ability to sever a single claim -- the Petition -- from the case and "transfer" it to state court in such a way that the Petition's filing date in federal court would be preserved, and the undersigned has found no such authority. Given that the Court cannot sever Plaintiff's Petition for "transfer" to the state court and Plaintiff's Petition would be untimely if now filed in the state superior court, it appears that any further action on the Petition would be futile and dismissal is appropriate.

(Doc. No. 60 at 19–20.)  While plaintiff acknowledges that a petition for relief from the claim presentation requirements of the Government Claims Act must be filed in a proper state court, he offers no legal basis for requiring this court to remand that issue to a state court.  (*See* Doc. No. 61 at 5–6.)  As the magistrate judge implied and as plaintiff concedes, the governing statue, California Government Code § 946.6, does not provide a procedure for remand, and plaintiff has not demonstrated here that such relief is possible or appropriate in any event.

Accordingly,

1. The July 8, 2016 findings and recommendations (Doc. No. 60) are adopted in full;
2. Defendant's motion to dismiss (Doc. No. 47) is granted in part; and
3. Plaintiff's state law claims for general negligence and medical negligence are dismissed from the amended complaint with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated:  **September 13, 2016**

UNITED STATES DISTRICT JUDGE