# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNIE GARZA,<br><br>    Plaintiff,<br><br>    v.<br><br>Raythel Fisher, Jr., Warden, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-00234-DAD-SKO<br><br>**ORDER DENYING REQUEST FOR SUBPOENA WITHOUT PREJUDICE**<br><br>**(Doc. 78)** |

On April 4, 2017, Plaintiff filed a motion that he styled as a "Request for Order to Subpoena Mental Health Records" (the "Motion for Subpoena"). (Doc. 78.) In the Motion for Subpoena, Plaintiff requests a subpoena for a third party's mental health records pursuant to Federal Rule of Civil Procedure 45. (*See id.* at 1–3.)

Local Rule 251(b) provides the following, in relevant part:

> Except as hereinafter set forth, a motion made pursuant to Fed. R. Civ. P. . . . 45, . . . shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel.

In the Motion for Subpoena, Plaintiff states that "[d]efense counsel declined Plaintiff's offer to stipulate without further comment." (Doc. 78.) However, at no point in his briefing does Plaintiff state that the parties have satisfied the first requirement of Local Rule 251(b) by adequately meeting and conferring regarding this discovery dispute. (*See* Docs. 78 & 80.) This deficiency, alone, is sufficient grounds to deny the Motion for Subpoena. *See, e.g.*, E.D. Cal. Local Rule 251(b).

The Court also notes that the ramifications of the parties' failure to meet and confer are apparent based on the parties' briefing. In particular, Defendants note that certain of the documents that are potentially covered under Plaintiff's desired subpoena were already provided to Plaintiff during the course of discovery. (*See* Doc. 79 at 5.) If the parties had satisfied the meet-and-confer requirement, Plaintiff could have appropriately tailored his request for a subpoena to only those documents that were not previously produced in this litigation.

In addition to parties' failure to satisfy the meet-and-confer requirement, the parties also failed to provide a statement of their differences and the bases for these differences in a mandatory Joint Statement re Discovery Disagreement. *Cf.* E.D. Cal. Local Rule 251(c) (providing the requirements pertaining to a Joint Statement re Discovery Disagreement). This deficiency provides separate and distinct grounds to deny the Motion for Subpoena. *See* E.D. Cal. Local Rule 251(b).

As Plaintiff has not satisfied the mandatory requirements of Local Rule 251(b), the Court DENIES the Motion for Subpoena, (Doc. 78), WITHOUT PREJUDICE.

The Court recognizes that the non-expert discovery deadline in this case is fast approaching on May 9, 2017. (*See* Doc. 73 at 1.) If Plaintiff still wishes to file a motion seeking the subpoena that is the subject of the Motion for Subpoena, the Court encourages the parties to expeditiously move to satisfy the mandatory requirements of Local Rule 251.

The Court also notes that its informal discovery dispute process would yield a ruling on any remaining disagreement regarding the topic of the Motion for Subpoena on a substantially more expedited basis than traditional motion practice. If the parties still disagree as to the potential discovery that is the subject of the Motion for Subpoena following the parties' meet-and-confer

conference, the Court strongly encourages the parties to consider using the Court's informal discovery dispute process. Information regarding this informal process may be found on the Court's website.

IT IS SO ORDERED.

Dated:  **April 6, 2017**                              /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE